UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN IGARTUA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LATE BLOOMERS NYC LLC,<br><br>Defendant. | Case No. <u>1:24-cv-07966-JHR-GS</u><br><br>**DEFAULT JUDGMENT** |

On _____ the Court considered the application of Juan Igartua ("Plaintiff") for entry of default judgment and permanent injunction against **Late Bloomers NYC LLC** ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

After considering the papers submitted in support of, and in opposition to, the Motion and the papers on file in this action, the Court finds as follows:

1. The Defendant has failed to appear in this action by timely pleading, or responding to, or otherwise defending against, the Complaint in this action after being properly served with that Complaint. Accordingly, the clerk certified a default against the Defendant, under Rule 55(a) of the Federal Rules of Civil Procedure, on February 20, 2025.

2. The Defendant is not a minor, nor an incompetent person, nor a current member of the military service.

3. The Plaintiff has established that the Defendant is liable to the Plaintiff for attorney's fees and costs that will be established by Declaration of Attorney's Fees and Costs.

4. The Plaintiff has further established that permanent injunction is appropriate due to specific barriers to access present at the Subject Facility as enumerated in the Plaintiff's Complaint.

5. These barriers to access the Subject Facility violate 42 U.S.C. §12183(a)(1) and §12188(a)(2) mandates an injunction to remedy these violations. An injunction is necessary to ensure that the Subject Facility is readily accessible to the Plaintiff and other individuals with disabilities.

6. The Plaintiff is a sight impaired individual with a disability, who uses a screen-reader to access the internet and who has suffered an injury-in-fact. He will be injured in the future if the barriers to access the Subject Facility are not removed.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED: that judgment be entered against the Defendant as follows:

A. A permanent injunction is granted
   i. Enjoining the Defendant, its officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;
   ii. Requiring the Defendant to alter its Subject Website to make it readily accessible to, and usable for, individuals with disabilities;
   iii. Compelling the Defendant to make all necessary modifications to its policies, practices and procedures, so that the Plaintiff would not be subject to further discrimination;

    iv.    Ordering the Defendant to provide auxiliary aids and services, as well as to modify its policies, or procedures, or provide an alternative method, so that the Plaintiff would be able to obtain the full and equal enjoyment of the Subject Website owned, operated, maintained, or leased, by the Defendant, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

    v.    Ordering the Defendant to make the Subject Website readily accessible to and usable by individuals with disabilities;

B.  The Subject Website owned, operated, leased, controlled, maintained and/or administered by the Defendant violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

C.  Jurisdiction is retained over the Defendant until its unlawful practices, acts and omissions no longer exist;

D.  The Defendant is liable to the Plaintiff for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law;

E.  The Defendant is liable to the Plaintiff for punitive damages in the amount of $10,000 for its violation of the New York City Human Rights Law;

F.  The Defendant is liable to the Plaintiff for $500 in statutory damages for each violation and that sum is awarded to the Plaintiff pursuant to the New York State Civil Rights Laws §40-c and §40-d;

G. The Plaintiff is a prevailing party in this litigation and is awarded attorney's fees and costs in an amount to be shown by Declaration of Attorney's Fees and Costs within 60 days after the entry of this Order;

H. The Defendant will rectify all of the violations of the ADA, which were enumerated in the Complaint, and take the following actions:

   i. submit to the Plaintiff's counsel a remediation plan that remedies the violations, identified in the Complaint, within 60 days of the filing of the proof of service and Memorandum and Order;

   ii. within 30 days from receipt of the Defendant's plans, the Plaintiff shall consent to it, or seek further relief from the Court; and

   iii. the Defendant will make any necessary alterations within 60 days of the Plaintiff's consent, or subsequent Order of this Court.

IT IS SO ORDERED.

_____
United State District Judge